May it please the Court, Edie Cunningham of the Federal Defender's Office, on behalf of Mr. Asencio. I'd like to reserve three minutes. Mr. Asencio did not get a fair trial. The jury did not have the tools it needed to assess either of his defense theories because the district court failed to give crucial jury instructions and precluded his expert. And in this case, in which credibility was key, the government repeatedly bolstered the agent's testimony and painted my client as a liar. Failure to define excessive force was plain error here because it was the linchpin of the only defense upon which the court instructed. It is clear, based on established legal principles, that the court must instruct on the definition of terms that are essential to the jury's understanding of the elements in defenses. Excessive force has a peculiar legal meaning in this context. It means the same thing that it does in the context of a civil rights action based on excessive force. It means that the force is objectively reasonable and necessary under all the circumstances. This court, in fact, has a very detailed model civil jury instruction that clearly explains the standard and lays out factors that the jury must consider. It would be inappropriate not to give such an instruction in a civil case, and it's equally inappropriate here because it's equally important in the context of an assault on a federal officer case when the theory is excessive force. I was going to ask about the Ornelas case and how you deal with the fact that unlawful force wasn't defined there. I'm not sure I see how you can make a distinction between this and that. Well, Your Honor, this issue was not raised in Ornelas. All the Ornelas defendant raised was the failure to say that a defendant has a right or a suspect has a right to resist excessive force. They didn't complain that the court hadn't explained what unlawful or excessive force meant. It's pretty obvious to juries that officers can use some force to arrest a defendant, and the only force that would be unlawful would be if it's too much force or excessive. So I think that point is pretty obvious, and the defendant was free to argue excessive force under the unlawful force jury instruction. But, as I've explained, the details of what excessive force means can be very critical. It has to be an objective reasonableness test. It has to be objectively necessary. Here, both the agents in their testimony and the government during argument stressed that their subjective motivations were pure, that all they were trying to do was uphold the law and arrest the defendant. Counsel, the problem is you didn't object here. So on plain error review, you have to show that the error was obvious, and it seems like the fact that nobody raised it in Arnellis and we didn't seem to think it was a problem there seems to suggest that at least it's not an obvious error to not define the term, doesn't it? I understand your concern, Your Honor, but under the law, error is plain if it is plainly necessary to do something under established legal principles. There doesn't have to be a case right on point, and the Behr case, BEAR, the Sixth Circuit case, BAIRD, and Burgum and Joseph all illustrate that. It's up to the district court, the district court is presumed to know the law and to connect the dots. So the fact that we don't have a case right on point does not preclude our prevailing on this issue, because there are lots of plain error cases where there wasn't a case right on point, but the legal principle was clear. And here the legal principle is the need to define crucial terms, and it's plain under the law that the same definition applies in both contexts. That's plain under Span and Blankenhorn, and it's also plain what the meaning of excessive force is, and that's under Span and Blankenhorn and Graham, and so therefore it's plain that there needed to be a definition here. And in the context of this case, where there are lots of ways the jury could have reasonably viewed the evidence if properly instructed, it did affect my client's substantial rights and impact the integrity of the proceedings, because there's a genuine possibility that the jury wouldn't have convicted if properly instructed. Can I move you to the second of the two jury instruction arguments you make, and ask you why we shouldn't view that, as the government argues, as having been waived at trial? Yes, Your Honor, and it is because there is nothing in the record to indicate that this was an intentional relinquishment of a known right. It was the prosecutor who made the record on it, and the prosecutor said that the lack of knowledge-based self-defense instruction would be the alternative to the regular self-defense excessive force instruction. Alternative means one or the other. Let me frame it in these terms. As I understand it, you basically had a choice between using one of two model instructions that our court has put out as kind of the baseline instruction from which any modification would be made. And the prosecutor mentioned that, yes, we, I and the defense lawyer, have had a discussion of whether it should be, I think it was 6.8 versus 8.5, and we had a discussion, and we decided to go with, I can't remember which one was chosen, but the one that was not chosen is the one that contains the language that you say should have been given. And so, on the record, the prosecution says, we had a discussion about this, we've jointly decided to go with this other one, and the judge asks, are you okay with that? And I can't remember if it was you or someone else. The defense lawyer said, yes, we agree that it should be this other one. And so I don't, how is that not an intentional, a knowing and intentional decision to forego the helpful language in the instruction that the lawyer decided to not insist upon? Your Honor, the defense doesn't have to forego. It wasn't a choice between one or the other. What needs to happen when the evidence supports both theories is that the instruction has to be modified to allow the jury to acquit on both theories. And it's clear under the law, under the Spann decisions, under Lucina, that the defense is entitled to instructions on multiple theories if the evidence supports it. The defense lawyer didn't say that either. I mean, as Judge Watford recounted what happened, the defense lawyer didn't express any disagreement with the way the prosecutor framed the discussion. So the defense lawyer could have said, well, I agree that 6.8 is good, but I also want 8.5. But that's not what they said. That's correct, Your Honor, but there's no evidence that they knew that they were entitled to both instructions in a modified way that allowed the jury to acquit on either theory and relinquish that. And in fact, after the jury instruction conference and closing argument, they went on to argue over and over again. Mr. Ascensio told you that he didn't know the officer was an agent, and if he had, he would have submitted. And that was something that was argued over and over again. So they obviously weren't abandoning that theory in favor of excessive force. They were arguing both theories. And under the evidence, particularly because, you know, even Turner admitted that before my client did anything except for try to get up and leave, he grabbed my client forcefully, knocked him to the ground. And then once they were on the ground, he wrapped his arm, excuse me, legs around him to prevent him from fleeing. And if a random person out in the desert does that, I think anyone would have the right to defend themselves and try to get away from somebody who's trying to do them harm. So on the merits of this issue, can I ask you, am I right that model instruction 8.5, the one you're saying should have been given but wasn't, would have required the jury to believe both that the defendant didn't know that Agent Turner was a federal officer and also that the defendant reasonably believed that force was necessary to defend himself against the immediate use of unlawful force? So basically, what the regular instruction that was given plus something? And if so, how is that better for him? Well, because the instruction that was given focuses on the reasonableness of the action. But under the lack of knowledge instruction, the jury... But they said reasonably believed in both instructions. So I don't understand. It seems like the officer instruction just makes it have more elements he needs to show. Your Honor, actually, the knowledge part of the instruction, the model instruction, is not a reasonable belief. It's an honest belief, and that's under Morton. Isn't the second prong, the defendant reasonably believed the use of force was necessary? So the reasonableness is still there in the second prong? Well, in the second prong, and it would have been if some random person attacks you in the desert, you can reasonably defend. But it's the knowledge prong that's key here. And the government repeatedly argued that it wasn't reasonable for Mr. Ascensio to believe that... to not know that they were agents. But the government has to prove beyond a reasonable doubt that he didn't honestly believe that. It doesn't matter how reasonable it was, and that's clear from Morton and from the model instruction 8.5. So in light of the government's argument, it was especially prejudicial not to have that. And also, Your Honor... But the government isn't the whole thing that Spann talks about. I mean, was the model instruction ever revised? Were you still seeking the version of the model instruction in which what the government's burden is is an or? Because it seems like at that point, it's easier for the government, not harder. I just have trouble understanding why this would have been better. Well, Your Honor, what you have to do is you have to fashion the instructions so that the jury can either acquit if they reasonably doubt that my client honestly knew he was an officer and therefore proceed as though my client is acting against some unknown person who doesn't have the right to use any force at all. But is the answer that this is the same model instruction that was discussed in Spann? It is, but, you know, you have to... When the evidence supports both excessive force against an officer while knowing the person is an officer and reasonable use of force against an unknown person who the defendant honestly doesn't know is an officer, both theories need to be presented to the jury so that they know that they can acquit on either theory. And that's clear under Lysina. The defense has the right to alternate theories. And very quickly, because I would like to reserve time, I just... Because credibility was central here, obviously, if properly instructed, the jury could have acquitted and reasonably viewed the evidence many ways. But certainly, if they had doubted the agent's testimony and believed my client, that would have made it easier for my client. And there were a lot of good reasons to doubt the agent's, because they contradicted each other on very key points, as emphasized on 30 of the reply brief. And they were all contradicted by Velazquez, who said that it was Agent Turner who was on top of my client, instead of the agents who said my client was on top of Turner when he punched him. And the pictures also supported my client's view. So all of the vouching and improprieties I discussed in my brief are very important, and I want to say a couple of things about the motive to lie comments that happened twice in closing. The only way these agents had no motive to lie is if they were telling the truth. So that was just plain and simple, a personal assurance of veracity that suggested matters outside the record supported the agents. That's textbook vouching. There was no reasonable inference from the evidence. And it was very powerful coming from the prosecutor, who is the one who had a chance to think about it, to craft her remarks, because it was obviously a very considered part of her argument, and she had a duty. Can I ask, do you think it would have been okay if the prosecutor, instead of saying what she said in rebuttal, had said, you've seen no evidence that the officers had a motive to lie? Well, you're right. I'm sorry. Excuse me. I don't think so, because in the context of this case, under the evidence my client gave, they had an inherent motive to lie. So they did have a motive to lie. The only way they didn't is if they were telling the truth. And that's why it was just textbook vouching. And under the reasoning of Alcantara Castillo, I reread it over the weekend, given the reasons to doubt the agent's testimony already, reversals required for that alone, but certainly with the sum total of all the errors. Thank you, and I'd like to reserve my time. Yes, we'll make sure you've got a couple minutes for rebuttal. We'll hear from the government. May it please the court, I'm Bob Meskel from the U.S. Attorney's Office in Tucson on behalf of the United States. The court's failure to define excessive force was not plain error. The case law at the time this trial occurred, and still now, is you have the Ornelas case, which says the court's standard self-defense instruction is sufficient to address a defendant's claim that an officer used excessive force. The court in this case even went beyond that and emphasized at the request of the defense that that did apply when the force is being used by a law enforcement officer. There is no case that I could find that says defining excessive force is required in this scenario. So you put all that together, the court did not plainly err by not defining excessive force. Can I ask about the second of the two instructional issues? Because that one, it seems to me, is much harder for you as the government to defend. The two theories are entirely distinct. The record does seem to support the giving of an instruction on both. And so I understand you're arguing that the defense lawyer waived this point, but if we weren't to accept that, so just put aside the waiver issue for a second and just address the merits. I'd like to hear your defense on the merits and then come back to waiver because I also want to hear what you have to say on that as well. Well, on the merits, the defendant can't show that it affected his substantial rights because under the instructions given, if the jury had believed him, they would have acquitted him. Well, not necessarily. The instructions given covers his defense sufficiently. Hang on, counsel, hang on. Not necessarily because even under the officer's version, if he says I grabbed the defendant from behind and he immediately hit me, well, if the defendant did not know that the person grabbing him was a federal officer and thought, in fact, it was a person, some kind of a bandit or a criminal of some sort, that response might be perfectly justified. So that seems to me entirely separate from the excessive force theory. We don't even get into excessive force if the defendant didn't know that the person grabbing him was a federal officer. But in that scenario, the defendant would be justified in using force, some force, no matter what the identity of the officer is or the status of the officer. I mean, the instruction given covered sufficiently what the defense was in this case. Excessive force, that's all it said. It said you could defend yourself against unlawful force. Right. I'm sorry. Yes, sorry if there's a delay there. I'm not trying to interrupt you. So the instruction that was given said he could defend himself against unlawful force. If the person was not an officer, that would have been unlawful force. And he could have defended himself against it. Right. But he was the defendant was entitled to an instruction. As I read the cases, the defendant was entitled to an instruction that that is a legally viable defense to put forward. That's entirely separate from the question whether you have a right to defend against the use of excessive force. Maybe I'm weird. What I'm saying is if a non-officer did what this officer did, that would be unlawful force that the defendant could have defended himself against. That the instruction as given didn't make a distinction who the actor was so that if in fact the jury believed the defendant that he didn't know was an officer, that what the officer's actions they could have concluded was unlawful force if they believed the defendant. And they would have acquitted if they believed the defendant. Okay. I think I got where you're coming from. Maybe you can address why you think the defendant nonetheless waived this point. Well, there's a waiver in this case because the defendant knew he could have asked for the instruction. It was clear that was talked about on the record that this instruction was available. And he, the defense counsel, opted not to ask for it. That's waiver. He knew about it. He made an intentional decision not to ask for it. That's waiver. So, in that, no matter how you look at it, it doesn't rise to the level of plain error either on the substance or it was waived and you don't even address it. Let me ask you next about the exclusion of the defense expert's testimony. Your opponent didn't bring that up here this morning in the argument, but it was fully briefed. Tell me why you think that was a proper exercise of the district court's discretion to keep out testimony that strikes me as perfectly relevant. I don't understand the assertion that it just wasn't relevant to the issues put in play by the trial evidence. Well, the defense argued it to the district court that the evidence on the Border Patrol use of force policy needed to come in because it was relevant to whether the agents were acting within the scope of their duties, basically. And that's simply not legally accurate under 18 U.S.C. 111. So, the defense was trying to bring it in for basically to confuse the jury for an improper purpose ultimately. So, the court certainly did not agree with this. Well, the evidence is certainly relevant to whether the agents used excessive force, isn't it? It could be marginally relevant, but as the court said at one point when they were discussing this issue in the middle of trial actually, it was unless the use of force policy says if you do this, it's excessive, the court indicated they would have let that kind of testimony in, but the use of force policy doesn't do that. And the use of force policy does not define what excessive force is. But doesn't it give general concepts that could lead the jury to conclude that? It gives general concepts, but I think the danger of confusion, especially as the defense was arguing this, the defense argued that if the agents weren't following policy, that force was excessive. That's just plain out wrong, and that demonstrates the kind of 403 reason where it could lead to confusion if it's admitted and the jury starts equating, well, they weren't following policy, so that's excessive force, and that's simply not true. So the court didn't abuse its discretion. Do we have reason to think that the judge was applying 403 in excluding this evidence? I think the fact that her statement at one point about, I guess, actually if I remember correctly, the court in excluding it said it was, there was a danger of confusion. Excuse me one second. I think you're on page 19 of the ER. There's a substantial risk that his testimony will mislead or confuse the jury. Right. So the court certainly considered that. So in that regard, it was not an abuse of discretion to omit perhaps marginally relevant evidence that, as I noted in the brief, the defense counsel actually made two improper arguments based on this theory, and that was the kind of confusion the district court was trying to avoid. Counsel, could you address the statement in closing argument that your adversary mentioned? The three federal agents have no real motive to fabricate this testimony. I mean, the jury had heard the evidence from the defendant that if believed, would have suggested that the officers had engaged in excessive force. That seems like a fairly obvious motive to lie, to not admit excessive force. So given that evidence, why isn't the most natural reading of that statement, that the prosecutor was appealing to her own credibility going outside the record  I think it's a stretch to say that the prosecutor is going outside the record by that statement. What the prosecutor was arguing is that the evidence presented indicates that they had no motive to lie, that these agents were just out doing their job, that the key agent, he had made thousands of arrests, and basically the prosecutor's argument was it's unbelievable to think that this day, he just kind of went berserk basically, and I think that's a fair inference from the record. Doesn't that suggest, though, that the other arrests were proper, and isn't that outside the record? I think it's actually a fair inference from the evidence that there was no evidence presented suggesting that any of those prior arrests were improper, or that this had ever happened before. If this agent had used excessive force before, that undoubtedly would have made it into the record somehow. The defense would have highlighted that, certainly. So the absence of it allows the prosecutor to make that inference, I think. And it's not going outside the record, it's focusing on what actually is in the record. It's the defense actually that's trying to speculate outside the record of what may be out there. Under this record, that the jury heard, it's a fair inference to say the agents had no motive to lie. And what about, Ms. Cunningham didn't mention this in argument, but it's in the brief, this question in cross-examination, Agent Dunn wasn't telling things the way they were seeing. That seems pretty close to accusing, or calling upon the defendant to accuse Agent Dunn of lying. Why isn't that the best interpretation of that question? And if so, why isn't that plain error under Alcantara-Castillo? I think that sentence is so fractured grammatically, it's hard to actually parse what it's actually saying. And I think in that context, and considering the fact that that specific question wasn't objected to, that it doesn't rise to the level of plain error. Certainly the prosecutor should have phrased it the questions the way he was phrasing the other questions he asked, which were proper under the case law. But that question, it's a single isolated question. There was no objection. It is kind of ambiguous, because it's basically almost, like I said, it just doesn't flow. It's hard to parse what it's saying, actually. So in that regard, it's not plain error. But it wasn't really an isolated question. I mean, it was part of a sequence of questions pointing out the contradictions between the defendant's testimony and the agent's testimony. And there were objections later in that sequence, which were sustained by the court. So I guess, why doesn't the context actually make it worse for you, not better? I think it makes it better, because in the context, the prior questions were not characterizing either the agent's testimony or the defendant's testimony. They were just highlighting that they were different, which is permissible. It's this one question where the prosecutor, like I said, kind of used somewhat ambiguous and hard-to-understand language, is the only one that comes close to what Al Kentar said you can't do. The other questions were okay. So you look at it in that context, I think that makes it stronger that it's not plain error. A few lines earlier from the question you've been discussing with Judge Miller was, so are you saying that did not happen, talking about what the agent had said? That seems very similar to the Al Kentar statement, your testimony is the agent is inventing stories. I mean, how is that different? The difference is what Al Kentar talks about is the characterization of the testimony. In other words, are you saying it's a lie, which is bad? Or are you saying somebody could be mistaken, which is okay? By not characterizing it at all, the prosecutor in this case was staying within the lines of what Al Kentar allowed. Because she wasn't characterizing either, she wasn't characterizing the agent's testimony as the truth, she wasn't characterizing the defendant's testimony as a lie, she was just saying that the agent said X happened, and you say it didn't happen. Just highlighting the difference without characterizing why there's a difference. And the why is what Al Kentar was focused on. And you know, lying or inventing as opposed to mistake or misunderstanding. So in that sense, it was not inappropriate. Unless the court has any further questions. And I'm sorry for the video, I don't know what happened on that. We can barely see you down there. I'm sorry. We can all hear you fine, and that's the most important part. Okay, I didn't touch anything, so I don't know. But thank you. Yes, thank you, counsel. Let's put two minutes on the clock for rebuttal. Thank you, your honor. Quickly on the motive to lie comments. It's common knowledge that the use of excessive force is often unreported because officers cover up for each other. So the fact that there was no evidence of prior use of excessive force is irrelevant. The prosecutor had no real way to know one way or the other whether the officers had acted inappropriately before. On the expert issue, as to the 403, the Border Patrol policy closely tracks the objective reasonableness standard of the Fourth Amendment. It goes through all the factors, brings out that sometimes a deviation from policy is not going to make it unreasonable. So if the policy had come in, the jury, even though they wouldn't have had the proper definition of excessive force before them, at least they would have known about it. So I think, if anything, it would have alleviated any confusion and also educated the jury about some of the factors that they needed to consider. For example, that it's very important to warn in the Spanish language that a blow to the back of the head can be concussive and can be serious bodily injury. And also, on the official duties element, in SPAN 2, this court clearly said that an officer who uses excessive force is not acting appropriately within official duties. And that wasn't the issue addressed by Ornelas. So, you know, that was not a proper basis to exclude based on 403. Because really, acting outside of official duties and using excessive force is kind of two ways of saying the same thing. And then finally, on the lack of knowledge element, the jury was not instructed that they had to consider whether or not my client knew it was an officer. And as I said initially, most juries know that officers can use some force in effecting an arrest. So they would not have necessarily thought that it was unlawful under the facts presented here unless they knew it was a defense that my client didn't know it was an officer. Okay. All right. Thank you very much, counsel. The case just argued is submitted.
judges: Watford, Friedland, Miller